**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

JAMES WELLS HORSEY,                      )
                                         )
                Petitioner,              )
                                         )
v.                                       )          Case No. CIV-22-1021-J
                                         )
WILLIAM RANKINS,                         )
                                         )
                Respondent.              )

**ORDER**

Petitioner, James Wells Horsey, a state prisoner appearing pro se, filed a Petition pursuant to 28 U.S.C. § 2254 seeking habeas relief from a state court conviction (Pet.) [Doc. No. 1] (Petr.'s Brief) [Doc. No. 4].  The matter was referred for initial proceedings to United States Magistrate Judge Suzanne Mitchell consistent with 28 U.S.C. § 626(b)(1)(B), (C).  Judge Mitchell issued a Report and Recommendation recommending that the Petition be denied (Rep. & Rec.) [Doc. No. 16] and Petitioner objected (Petr.'s Obj.) [Doc. No. 17].[1]

I.      **Background**

In 2019, a jury found Petitioner guilty on one count of possession of child pornography in Comanche County District Court.  Petitioner appealed to the Oklahoma Court of Criminal Appeals (OCCA) who denied relief in November 2020.  Petitioner also unsuccessfully filed an application for post-conviction relief, which the OCCA likewise denied on appeal.  Finally, Petitioner filed a petition for a writ of certiorari in the United States Supreme Court which was denied in October 2022.

Thereafter, Petitioner filed this habeas Petition alleging:

_____

[1] All page citations will refer to this Court's CM/ECF pagination.

- Ground One – his constitutional rights were violated when he was sentenced for a crime different than the one which he was convicted;

- Ground Two – the prosecution withheld favorable evidence;

- Ground Three – the trial court gave improper jury instructions; and

- Ground Four – the evidence was insufficient to support the conviction.[2]

*See* Pet. at 5-9.

On review, Judge Mitchell concluded that each of Petitioner's claims was unexhausted and that a procedural bar required denial of Grounds One-Three and an anticipatory procedural bar required denial of Ground Four.

## II.   **Standard of Review**

A proper objection to a report and recommendation triggers the Court's de novo review. *See* Fed. R. Civ. P. 72(b)(3).  An objection is "proper" if it is both timely and specific so that it "enables the district judge to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute." *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996).

Here, Petitioner specifically objects to Sections V(A)(3), V(B)(2), V(B)(3), and V(C)(3) of Judge Mitchell's findings but does not object to others. *See* Petr.'s Obj., *passim*.  Accordingly, the Court applies de novo review to those findings on which Petitioner specifically objected but reviews the "non-objected to portions of the Recommendation only to confirm that there is 'no clear error on the face of the record.'" *Sabbath v. Hicks*, No. 20-CV-00893-PAB-KMT, 2021 WL

---

[2] In Ground Four, Petitioner also alleged that he was "hit with the 'acquitted conduct sentencing' on count 2." Pet. at 10.  Judge Mitchell interpreted this as a separate claim that Petitioner's sentence was excessive and addressed that claim in her Report and Recommendation.  *See* Rep. & Rec. at 33-41.  However, Petitioner specifically refutes this interpretation, stating: "the excessive sentence is not one of the grounds being raised in this court."  Petr.'s Obj. at 5.

1015986, at *2 (D. Colo. Mar. 17, 2021) (citing Fed. R. Civ. P. 72(b)(3) and applying a de novo and non-de novo review to an objection which only addressed portions of the underlying report and recommendation).

### III.    Petitioner's Objection Related to Exhaustion Waiver

Because Judge Mitchell concluded that each of Petitioner's claims is unexhausted, the Court first addresses Petitioner's argument that the State waived its exhaustion defense when it failed to respond to his petition for writ of certiorari in the United States Supreme Court.  *See* Petr.'s Obj. at 4-5.  In sum, Respondent had no mandate to respond to Petitioner's petition for a writ of certiorari, *see* U.S. Sup. Ct. R. 15, and as Petitioner had not yet filed a habeas petition, had no reason to assert an exhaustion defense under 28 U.S.C. § 2254(b)(1)(A).  The Court finds no merit in this objection.

### IV.    Standard for Exhaustion

"A state prisoner must exhaust available state remedies before presenting his claim to a federal habeas court."  *Davila v. Davis*, 137 S. Ct. 2058, 2064 (2017).  "The exhaustion requirement is satisfied if the federal issue has been properly presented to the highest state court, either by direct review of the conviction or in a postconviction attack."  *Dever v. Kan. State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994).  Moreover, if the OCCA refuses to consider a claim's merits based on a state procedural rule that is independent and adequate, that unexhausted claim is subject to procedural bar.  *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991).  "To be independent, the procedural ground must be based solely on state law."  *Cole v. Trammell*, 755 F.3d 1142, 1159 (10th Cir. 2014) (cleaned up).  "To be adequate, the procedural ground must be strictly or regularly followed and applied evenhandedly to all similar claims."  *Id.* (same).  If the

rule is independent and adequate, a petitioner must show either cause and prejudice, or a fundamental miscarriage of justice, to overcome the default. *See Coleman*, 501 U.S. at 750.

## V.      Petitioner's Objection Related to Ground One

In Ground One, Petitioner alleged that his constitutional rights were violated because he was charged and convicted on a different crime from that on which he was sentenced, i.e., he was charged with possession of juvenile pornography, found guilty of possession of child pornography, and sentenced for possessing juvenile pornography.  However, Petitioner did not raise this claim on direct appeal and on post-conviction appeal, the OCCA found that it was waived.  Judge Mitchell found the claim to be procedurally barred because: (1) the OCCA's waiver rule was independent and adequate; (2) appellate counsel's failure to raise the issue on direct appeal did not constitute cause for the default; and (3) Petitioner was arguing legal, not factual innocence, and therefore declining to review the claim would not result in a fundamental miscarriage of justice. *See* Rep. & Rec. at 10-16.

Aside from arguing that he was not raising a claim for ineffective assistance of appellate counsel, Petitioner does not specifically object to Judge Mitchell's findings on Ground One. *See* Petr.'s Obj. at 2.  Thus, finding no clear error on the face of the record, the Court ADOPTS Judge Mitchell's findings and recommendation on Ground One and DENIES habeas relief.

## VI.     Petitioner's Objections Related to Ground Two

In Ground Two, Petitioner claimed the prosecutor withheld a dash cam video which captured the interview between Petitioner and police officers in violation of *Brady v. Maryland*, 373 U.S. 83 (1963).  Petitioner has not viewed the video but believes it "could clear up a lot of questions about how the phone was obtained in violation of the *Fifth Amendment* against self-incrimination."  Petr.'s Brief at 11.

As with Ground One, Petitioner did not raise this claim on direct appeal and on post-conviction appeal, the OCCA found that it was waived.  Judge Mitchell concluded that the claim was procedurally barred because: (1) the OCCA's waiver rule was independent and adequate; (2) Petitioner had not shown prejudice; and (3) Petitioner was arguing legal, not factual innocence, and thus declining to review the claim would not result in a fundamental miscarriage of justice. *See* Rep. & Rec. at 16-25.

Petitioner raises two objections, arguing that the dash cam video was not discovered until after his direct appeal (relating to cause) and that the video is material (relating to prejudice).[3]  On de novo review, the Court agrees with Judge Mitchell's findings.  That is, even assuming, arguendo, that Petitioner can establish cause, he has not seen the video and thus cannot know whether it would have been favorable to his pre-trial claim that the pictures on the phone were illegally seized – a claim that his attorney made and then withdrew before trial.  *See* [Doc. No. 13, Ex. 15 at 8-10; Ex. 14 at 4].  Such speculation is insufficient to establish materiality.  *See United States v. Anderson*, 62 F.4th 1260, 1271 (10th Cir. 2023) ("Mere speculation about whether evidence would have been favorable to the defendant is insufficient to support a *Brady* claim.").  As such, the Court ADOPTS Judge Mitchell's finding that Petitioner did not establish prejudice for purposes of overcoming the procedural bar.  And finding no clear error in Judge Mitchell's determination that declining to review the claim would not result in a fundamental miscarriage of justice, the Court DENIES habeas relief on Ground Two.

---

[3] As Judge Mitchell notes, if Petitioner can prove the video is material, he can also show prejudice for overcoming the procedural bar.  *See* Rep. & Rec. at 20 (citing *Banks v. Dretke*, 540 U.S. 668, 691 (2004)).

**VII.**   <u>**Petitioner's Objections Related to Ground Three**</u>

Petitioner alleged in Ground Three that the jury instructions were improper because the trial court (1) failed to instruct the jury as to the difference between "juvenile" pornography and "child" pornography and (1) altered the "knowingly" element, thereby lowering the prosecution's burden of proof.  Pet. at 8.

Again, Petitioner failed to raise this claim on direct appeal and the OCCA declined to review it on its merits.  Judge Mitchell recommended denial of habeas relief because (1) the OCCA's waiver rule was independent and adequate; (2) appellate counsel's failure to raise the issue on direct appeal did not constitute cause for the default; and (3) Petitioner was arguing legal, not factual innocence, and thus declining to review the claim would not result in a fundamental miscarriage of justice.  *See* Rep. & Rec. at 26-33.

Petitioner raises two narrow objections, claiming that Judge Mitchell failed to cite any case law establishing that the OCCA's waiver rule is adequate and reiterating his argument that the jury was not instructed as to the differences between juvenile and child pornography.  *See* Petr.'s Obj. at 4.  Petitioner's first objection is misguided.  *See* Rep. & Rec. at 28 (citing *Ellis v. Hargett*, 302 F.3d 1182, 1186 (10th Cir. 2002) as holding that the OCCA's waiver rule is an independent and adequate state ground for denying habeas relief).  And Petitioner's second objection does not address Judge Mitchell's findings regarding cause and prejudice or a fundamental miscarriage of justice.  Therefore, applying non-de novo review and finding no clear error, the Court ADOPTS Judge Mitchell's recommendation and DENIES habeas relief on Ground Three.

**VIII.    Petitioner's Objection Related to Ground Four**

In Ground Four, Petitioner challenged the sufficiency of the evidence to support his conviction.[4]  Judge Mitchell found that the claim was unexhausted and, if Petitioner now attempted to raise the claim in state court, the OCCA would find it waived.  Therefore, she recommended denial based on an anticipatory procedural bar.  *See* Rep. & Rec. at 33-45.  Petitioner's objection states that he "objects to the sufficiency of the evidence claim of the 2 pictures (the third being a scene from a carton movie) that are actual relevant to this case.  The others are actual legal pictures under the statute in question as stated in testimony."  Petr.'s Obj. at 5.

Not only does this sentence lack clarity, but it also wholly fails to address Judge Mitchell's actual findings regarding exhaustion and anticipatory procedural bar.  Accordingly, the Court reviews only for clear error and, finding none, ADOPTS Judge Mitchell's recommendation and DENIES habeas relief on Ground Four.

**IX.    Petitioner's General Objections**

Petitioner includes two final arguments in his objection.  First, he objects to Judge Mitchell's conclusion paragraph recommending the Court deny habeas relief and he asks the Court to issue a certificate of appealability.  *See* Petr.'s Obj. at 5.  Second, Petitioner objects on grounds that the trial court failed to consider various mitigating factors before sentencing.  *See id.* at 6.  Neither objection warrants relief.  Petitioner has expressly disavowed any excessive sentence claim and his general objection does not address any specific ruling.

**X.    Conclusion**

Having carefully reviewed the Petition, record, Report and Recommendation, and Petitioner's objections, the Court agrees with Judge Mitchell's thorough and well-reasoned

---

[4] *See supra* at 2, n. 2.

analysis.  Accordingly, the Court ADOPTS the Report and Recommendation [Doc. No. 16] and

DENIES Petitioner's Petition in its entirety.  Petitioner's request for a certificate of appealability

is DENIED, as the Court concludes he has not made "a substantial showing of the denial of a

constitutional right."  28 U.S.C. § 2253(c)(2).

      A separate judgment will issue.

      IT IS SO ORDERED this 7th day of June, 2023.


_____

BERNARD M. JONES
UNITED STATES DISTRICT JUDGE